**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| JAMES W. EDMONDS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 5:10-CV-509(MTT) |
| JAMES A. BYROM, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

## ORDER

This matter is before the Court on the Defendants' Motion to Dismiss Second Amended Complaint (Doc. 18). For the following reasons, the motion is GRANTED.

On February 23, 2011, this Court entered an Order (Doc. 15) dismissing the Plaintiff's original complaint, but allowing the Plaintiff to file an Amended Complaint. The Defendants filed this Motion to Dismiss, but the Plaintiff did not respond to that Motion. Instead, he filed an unrelated Motion on Equity (Doc. 16) and an untimely Motion for Summary Judgment (Doc. 20).

According to his Amended Complaint, the Plaintiff, a former teacher for the Macon County Board of Education (the "school board"), received a letter, written and signed by Dr. Carolyn Medlock, informing the Plaintiff that his presence at the school where he was formerly employed, Macon County Middle School, was disruptive and that he was prohibited from entering the grounds of the Macon County Middle School, or "any other property of the Macon County School District," absent written permission from the superintendent of schools.

According to the Plaintiff, the school board holds monthly meetings which are advertised as open to the public. The Plaintiff alleges that, because the meetings are held on school board property, Dr. Medlock's letter interferes with his right to attend school board meetings, even though he "admits he has no intention of coming on the grounds of any School Board Property." The Plaintiff has not alleged that he has been prevented from entering, or removed from, any school board meeting, or that he has ever tried to attend such a meeting. He has not alleged any injury at all. Nevertheless, the Plaintiff seeks "an order saying that the plaintiff is not to be interfered with in any capacity by the defendant's [sic] as he attends the regularly scheduled public meeting of the Macon County School Board at the administrative offices of the Macon County Board of Education."

Here, the issues involved are not yet ripe for adjudication. The ripeness doctrine is well settled, so the Court will rely for its explication on the Eleventh Circuit.

> Similar to the standing doctrine, "[t]he ripeness doctrine involves consideration of both jurisdictional and prudential concerns." We have described the "ripeness" doctrine as follows: "the ripeness doctrine prevent[s] the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements. . . . To determine whether a claim is ripe we must evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." In other words, "[c]ourts must resolve . . . whether the claim is sufficiently mature, and the issues sufficiently defined and concrete, to permit effective decisionmaking [sic] by the court."

*Pittman v. Cole*, 267 F.3d 1269, 1278 (11th Cir. 2001) (internal citations omitted). The court provided the following factors to consider when making a determination of ripeness:

> "(1) [W]hether delayed review would cause hardship to the plaintiffs; (2) whether judicial intervention would inappropriately interfere with further

administrative action; and (3) whether the courts would benefit from further factual development of the issues presented."

*Id.* (quoting *Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726, 733 (1998)).

Applying the first factor in this case, delayed review would not cause hardship to the Plaintiff. The Plaintiff has not alleged that he is likely ever to attend another school board meeting; and even if he did, it is far from certain how the school board would react. As to the second factor, at this stage the Court's intervention, without more developed factual record, would interfere with the school board's ability to manage its own affairs. As to the final factor, the Court would unquestionably benefit from further factual development of the issues presented. There has been no action on the part of the Defendants, other than sending a letter, to indicate what harm might come to the Plaintiff or what action by the Court would best resolve the Plaintiff's complaints.

Therefore, the Plaintiff's claim is not ripe for adjudication. Thus, the Defendants' Motion (Doc. 18) is **GRANTED** and this case is **DISMISSED**.

**SO ORDERED**, this 30th day of March, 2011.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT